UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NESTOR HUIRACHOCA,

Plaintiff,

-against-

CAFFE ISLE OF CAPRI, INC., JANE D'AGUSTINO and GLORIA SCHIAVETTA,

Defendants.
------------------------------------------------------------X

Civil Action No. 22-cv-2507

**COMPLAINT**

Plaintiff, by his attorneys, Bell Law Group, PLLC, complaining of Defendants, respectfully alleges, upon information and belief, the following:

**NATURE OF THE ACTION**

1. This action is brought by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), to seek redress against Defendants for the failure during Plaintiff's employment to provide Plaintiff with overtime wages and for the failure to provide wage payment statements and a notice at the time of hiring indicating Plaintiff's hourly rate of pay.

2. Defendants are the owners and/or operators of a restaurant known as Isle of Capri, located at 1028 3rd Avenue, New York, New York 10065. Plaintiff worked for Defendants at Isle of Capri as a food preparer from in or around 1999 through December 16, 2021. Throughout the majority of Plaintiff's employment Plaintiff worked 8:00 a.m. to 4:00 p.m., Monday through Saturday, for an approximate total of forty-eight (48) hours per week. Irrespective of the number of hours worked per week, Plaintiff was paid at a flat weekly salary that ranged from $740.00 to $840.00 per week and at no time did Plaintiff receive overtime wages of one and one-half times

Plaintiff's regular hourly rate for hours worked in excess of forty (40) hours per week. Moreover, Plaintiff was not provided with proper wage payment statements reflecting the number of hours worked per week or a wage theft prevention act notification at the time of hiring or thereafter indicating Plaintiff's hourly rate of pay.

**PARTIES**

3. Plaintiff was and still is a resident of the County of Queens, State of New York.

4. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws § 160 *et seq.* ("NYLL").

5. Defendant Caffe Isle of Capri, Inc. was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York.

6. Defendant Jane D'Agustino was and still is a resident of the State of New York.

7. Defendant Jane D'Agustino was and still is an officer, principal and/or manager of Defendant Caffe Isle of Capri, Inc.

8. Defendant Jane D'Agustino was and still is in active control and management of Defendant Caffe Isle of Capri, Inc., regulated the employment of persons employed by the corporate Defendant, acted directly and indirectly in the interest of corporate Defendant in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

9. Defendant Gloria Schiavetta was and still is a resident of the State of New York.

10. Defendant Gloria Schiavetta was and still is an officer, principal and/or manager of Defendant Caffe Isle of Capri, Inc.

11. Defendant Gloria Schiavetta was and still is in active control and management of Defendant Caffe Isle of Capri, Inc., regulated the employment of persons employed by the corporate Defendant, acted directly and indirectly in the interest of corporate Defendant in relation

to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

12. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

14. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

16. Defendants are the owners and operators of an Italian restaurant known as Isle of Capri that has been in operation since 1955.

17. Plaintiff worked for Defendants at Isle of Capri as a meal preparer from in or around 2016 through December 16, 2021.

18. As a meal preparer, Plaintiff's duties included without limitation cooking, grilling, preparing salads, receiving deliveries and ordering supplies.

19. From 1999 through March 2020, Plaintiff worked 8:00 a.m. to 4:00 p.m., Monday through Saturday, for an approximate total of forty-eight (48) hours per week.

20. Plaintiff did not receive any lunch breaks during his employment and/or breaks in excess of twenty (20) minutes.

21. No time keeping system was utilized to record or track Plaintiff's hours worked during Plaintiff's employment.

22. From 2016 through 2018, Plaintiff was paid a flat weekly salary of $740.00 per week.

23. From 2019 through December 16, 2021, Plaintiff was paid a flat weekly salary of $840.00 per week.

24. Plaintiff was paid at the foregoing weekly salary amounts irrespective of the number of hours worked per week and at no time was Plaintiff paid one and one-half times Plaintiff's regular hourly rate of pay for hours worked in excess of forty (40) hours per week.

25. Plaintiff was paid by check and cash during Plaintiff's employment.

26. Throughout Plaintiff's employment, Plaintiff was provided with paystubs that reflected a portion of Plaintiff's weekly salary but did not list any hourly rate of pay or Plaintiff's hours worked.

27. Neither at the time of hiring or any time thereafter was Plaintiff provided with a notice reflecting Plaintiff's hourly rate of pay.

28. At all relevant times, Defendant Jane D'Agustino was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at Defendants' restaurant Isle of Capri.

29. At all relevant times, Defendant Gloria Schiavetta was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at Defendants' restaurant Isle of Capri.

30. At all relevant times, Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

31. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the United States and New York State Department of Labor's regulations promulgated under the FLSA and NYLL.

32. Plaintiff was entitled to be paid at least one and one-half times Plaintiff's regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA, 29 U.S.C § 207 and NYLL, 12 NYCRR § 142-2.2.

33. Throughout the majority of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

34. At no time during the relevant period was Plaintiff paid overtime wages of one and one-half times Plaintiff's regular hourly work rate of pay for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

35. At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to

N.Y. Lab. Law § 195(3).

36. At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to N.Y. Lab. Law § 195(1).

37. During Plaintiff's employment, Plaintiff was not provided with proper wage payment statements and was not provided with a wage theft prevention action notice at the time of hiring reflecting the rate of pay and other required information in violation of the NYLL.

**AS AND FOR THE FIRST CAUSE OF ACTION**
*(Overtime Under the FLSA)*

38. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

39. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e).

40. At all relevant times, Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

41. As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

42. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

43. At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

44. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

45. Pursuant to FLSA, 29 U.S.C. §§ 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

46. Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout Plaintiff's employment.

47. At no time did Defendants pay Plaintiff a rate of one and one-half times Plaintiff's regular hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

48. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours a week.

49. As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

50. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR THE SECOND CAUSE OF ACTION**
*(Overtime Under the NYLL)*

51. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

52. At all relevant times, Plaintiff was an employee and Defendants were Plaintiff's employer within the meaning of N.Y. Lab. Law §§ 190, 651 and 652.

53. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

54. Pursuant to N.Y. Lab. Law § 650 *et seq*. and 12 NYCRR § 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

55. Plaintiff was entitled to be paid one and one-half times Plaintiff's regular hourly rate for any hours in excess of forty (40) worked in any workweek.

56. Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout Plaintiff's employment.

57. At no time did Defendants pay Plaintiff a rate of one and one-half times Plaintiff's regular hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

58. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's regular hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

59. As a result of Defendants' violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.2.

60. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional

damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

**AS AND FOR THE THIRD CAUSE OF ACTION**
*(Pay Rate Notice N.Y. Lab. Law § 195(1))*

61. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

62. N.Y. Lab. Law § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

63. Defendants failed to furnish such a statement to Plaintiff in violation of N.Y. Lab. Law § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by N.Y. Lab. Law § 195(1).

64. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

65. As Defendants failed to provide Plaintiff with proper a proper notice under N.Y. Lab. Law § 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs and interest.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
*(Wage Statements N.Y. Lab. Law § 195(3))*

66. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

67. Pursuant to N.Y. Lab. Law § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

68. Defendants failed to furnish accurate wage statements to Plaintiff in violation of N.Y. Lab. Law § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of Plaintiff's full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by N.Y. Lab. Law § 195(3).

69. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

70. As Defendants failed to provide proper wage payment statements under N.Y. Lab. Law § 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs and interest.

**WHEREFORE**, Plaintiff seeks the following relief:

A. On the First Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiff against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount

of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest.

D. On the Fourth Cause of Action on behalf of Plaintiff against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. Such other and further relief as is just and proper.

Dated: Syosset, New York
March 28, 2022

Respectfully submitted,
BELL LAW GROUP, PLLC

By: *<u>/s/ Matthew Madzelan</u>*______________
Matthew Madzelan, Esq.
*Attorneys for Plaintiff*
116 Jackson Avenue
Syosset, New York 11791
(516) 280-3008
Matthew.M@Belllg.com